UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| I. G.,<br><br>         Plaintiff,<br><br>    v.<br><br>PANAMA-BUENA VISTA UNION SCHOOL DISTRICT,<br><br>         Defendant. | Case No. 1:24-cv-01431-CDB<br><br>ORDER GRANTING PLAINTIFF'S MOTION TO PROCEED USING PSEUDONYMS<br><br>(Doc. 10)<br><br>ORDER DIRECTING PLAINTIFF TO FILE A MOTION FOR APPOINTMENT OF GUARDIAN AD LITEM<br><br>**14-DAY DEADLINE** |

On November 21, 2024, Plaintiff I. G. initiated this action with the filing of a complaint against Defendant Panama-Buena Vista Union School District. (Doc. 1). On January 8, 2025, Plaintiff filed a motion to proceed using pseudonyms. (Doc. 10). For the reasons explained herein, the Court shall grant Plaintiff's motion to proceed using pseudonyms. Separately, although Plaintiff purports to proceed by a *guardian ad litem*, no evidence is before the Court establishing that the *guardian ad litem* is Court appointed (as required in a federal proceeding). Accordingly, the Court will direct Plaintiff to file an application for appointment of *guardian ad litem*.

///

1

**I.    MOTION TO PROCEED BY PSEUDONYM**

Rule 10 of the Federal Rules of Civil Procedure requires that every complaint must include the name of all parties. Fed. R. Civ. P. 10(a). Rule 17 further provides that "[a]n action must be prosecuted in the name of the real party in interest." Fed. R. Civ. P. 17(a)(1). Rule 5.2 states that court filings involving minors, however, must name the minor only by their initials. Fed. R. Civ. P. 5.2(a)(3).

The normal presumption is that the parties will use their real names, which is "loosely related" to the public's right to open courts and the rights of individuals to confront their accusers. *Doe v. Kamehameha Schools*, 596 F.3d 1036, 1042 (9th Cir. 2010). However, courts have allowed a party to proceed in anonymity where special circumstances justify the secrecy. *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1067 (9th Cir. 2000). In the Ninth Circuit, a party may proceed with the use of a pseudonym "in the 'unusual case' when nondisclosure of the party's identity 'is necessary . . . to protect a person from harassment, injury, ridicule or personal embarrassment.'" *Id.* at 1067-68 (quoting *United States v. Doe*, 655 F.2d 920, 922 n.1 (9th Cir. 1981)) (alteration in quoting source). The Ninth Circuit held that "a party may preserve his or her anonymity in judicial proceedings in special circumstances when the party's need for anonymity outweighs prejudice to the opposing party and the public's interest in knowing the party's identity." *Id.* at 1068.

Courts generally have allowed a party to proceed with anonymity in three circumstances: "1) when identification creates a risk of retaliatory physical or mental harm[;]" 2) where it is necessary "to preserve privacy in a matter of sensitive and highly personal nature[;]" and 3) where the party is "compelled to admit [his or her] intention to engage in illegal conduct, thereby risking criminal prosecution[.]" *Id.* (internal citations omitted). Because the "balance between a party's need for anonymity and the interests weighing in favor of open judicial proceedings may change as the litigation progresses . . . where the plaintiffs have demonstrated a need for anonymity, the district court should use its powers to manage pretrial proceedings [Rule 16(b)], and to issue protective orders limiting disclosure of the party's name [Rule 26(c)], to preserve the party's anonymity to the greatest extent possible without prejudicing the opposing party's

ability to litigate the case." *Id.* at 1069.

**Discussion**

The Court has reviewed Plaintiff's motion. Plaintiff, a minor, requests to proceed in this action using only the initials of parents G.C. and A.G. as anticipated guardians ad litem. (Doc. 10 at 3). Plaintiff also argues that a *guardian ad litem* is required for Plaintiff's prosecution of this action and represents an intention to file a motion to appoint the minor's mother, G.C., as his *guardian ad litem.* Plaintiff represents that his mother has a different legal last name but informally uses her husband's last name in "certain situations." His parents have five children, all of whom attend or previously attended Panama-Buena Vista Union School District. I. G. is their only child with such initials and, therefore, if his parents' names are publicly revealed, his own identity will be readily ascertainable. *Id.* at 3.

Plaintiff asserts he seeks "to protect his privacy in this action involving sensitive and highly personal information about his disabilities, special education program, school discipline, and contact with police." *Id.* at 5. Plaintiff does not believe that proceeding by a pseudonym will be prejudicial to Defendants, since his identity and the identities of his parents have been made known to Defendant in the underlying administrative hearing. Additionally, Plaintiff provides he is willing to employ protective orders or other mechanisms to ensure Defendant has an opportunity to conduct meaningful discovery and does not seek to interfere with Defendant's ability to mount a meaningful defense. *Id.* at 6-7. Finally, Plaintiff provides that any cost to redact identifying information will be minimal in light of Defendant's already present obligation to redact identifying information as to Plaintiff I. G. under Rule 5.2 *Id.* at 7.

The Court finds good cause to grant Plaintiff's motion at this time. *See Int'l Partners for Ethical Care Inc. v. Inslee*, No. 3:23-CV-05736-DGE, 2023 WL 7017765, at *1 (W.D. Wash. Oct. 25, 2023) (granting plaintiff parents' motion to use pseudonyms where "their identities track their children's identities, which means their children's identities can be readily surmised" and harm could occur to their children due to parents' participation in lawsuit).

**II.    GUARDIAN AD LITEM**

As set forth above, Plaintiff represents an intention to move for an order appointing

1  Plaintiff's mother (G.C.) as guardian *ad litem*. (Doc. 10 at 3).

2  Pursuant to Local Rule 202,

Upon commencement of an action or upon initial appearance in defense of an action by or on behalf of a minor or incompetent person, the attorney representing the minor or incompetent person shall present (1) appropriate evidence of the appointment of a representative for the minor or incompetent person under state law or (2) a motion for the appointment of a guardian ad litem by the Court, or, (3) a showing satisfactory to the Court that no such appointment is necessary to ensure adequate representation of the minor or incompetent person.

E.D. Cal. L.R. 202(a) (citing Fed. R. Civ. P. 17(c)).

Because Plaintiff's claims may only be brought "by a next friend or *guardian ad litem*," a guardian must be appointed by the Court to protect the minor's interests. *See* Fed. R. Civ. P. 17(c)(2). As of the date of entry of this Order, Plaintiff has presented neither "appropriate evidence of the appointment of a representative for the minor or incompetent person under state law" or a motion in this Court for the appointment of a guardian ad litem.

Accordingly, Plaintiff will be ordered to file a motion for the appointment of a *guardian ad litem* consistent with Fed. R. Civ. P. 17 and Local Rule 202.

### III. CONCLUSION AND ORDER

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to proceed by pseudonym (Doc. 10) is GRANTED; and

2. Plaintiff shall file **within 14 days** of service of this order:

   a. evidence of appointment of a representative for minor Plaintiff I. G. under state law; or

   b. a motion for the appointment of a *guardian ad litem* for Plaintiff I. G. consistent with Fed. R. Civ. P. 17 and Local Rule 202.

IT IS SO ORDERED.

Dated:  **January 23, 2025**

UNITED STATES MAGISTRATE JUDGE

4