UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| I. G., | Case No. 1:24-cv-01431-CDB |
| Plaintiff, | ORDER GRANTING MOTION FOR APPOINTMENT OF GUARDIAN AD LITEM OF MINOR I.G. |
| v. | |
| PANAMA-BUENA VISTA UNION SCHOOL DISTRICT, | (Doc. 13) |
| Defendant. | |

Pending before the Court is the motion of minor Plaintiff I.G. to appoint his mother, G.C., as guardian ad litem, filed February 5, 2025. (Doc. 13).

**Legal Standard**

Pursuant to Rule 17 of the Federal Rules of Civil Procedure, a representative of a minor or incompetent person may sue or defend on the minor or incompetent person's behalf. Fed. R. Civ. P. 17(c). A court "must appoint a guardian ad litem—or issue another appropriate order—to protect a minor or incompetent person who is unrepresented in an action." *Id*. The capacity of an individual to sue is determined "by the law of the individual's domicile." Fed. R. Civ. P. 17(b)(1).

Under California law, an individual under the age of 18 is a minor, and a minor may bring suit if a guardian conducts the proceedings. Cal. Fam. Code §§ 6502, 6601. The Court may appoint a guardian ad litem to represent the minor's interests. Cal. Code Civ. P. § 372(a). To evaluate whether

1

to appoint a particular guardian ad litem, the Court must consider whether the minor and the guardian have divergent interests. Cal. Code Civ. P. § 372(b)(1).

The appointment of the guardian ad litem is more than a mere formality. *United States v. 30.64 Acres of Land, More or Less, Situated in Klickitat Cnty., State of Wash.*, 795 F.2d 796, 805 (9th Cir. 1986). A Court shall take whatever measures it deems appropriate to protect the interests of the individual during the litigation. *See id.* (noting, "[a] guardian ad litem is authorized to act on behalf of his ward and may make all appropriate decisions in the course of specific litigation."). The guardian need not possess any special qualifications, but he or she must "be truly dedicated to the best interests of the person on whose behalf he seeks to litigate." *AT&T Mobility, LLC v. Yeager*, 143 F. Supp.3d 1042, 1054 (E.D. Cal. 2015) (quoting *Whitmore v. Arkansas*, 495 U.S. 149, 163-64 (1990)). This means that the guardian cannot face an impermissible conflict of interest with the ward, and courts consider the candidate's "experience, objectivity and expertise" or previous relationship with the ward. *Id.* (citations omitted).

Further, the Local Rules of the Eastern District of California provide:

(a) Appointment of Representative or Guardian. Upon commencement of an action or upon initial appearance in defense of an action by or on behalf of a minor or incompetent person, the attorney representing the minor or incompetent person shall present (1) appropriate evidence of the appointment of a representative for the minor or incompetent person under state law or (2) a motion for the appointment of a guardian ad litem by the Court, or (3) a showing satisfactory to the Court that no such appointment is necessary to ensure adequate representation of the minor or incompetent person. See Fed. R. Civ. P. 17(c);

. . .

(c) Disclosure of Attorney's Interest. When the minor or incompetent is represented by an attorney, it shall be disclosed to the Court by whom and the terms under which the attorney was employed; whether the attorney became involved in the application at the instance of the party against whom the causes of action are asserted, directly or indirectly; whether the attorney stands in any relationship to that party; and whether the attorney has received or expects to receive any compensation, from whom, and the amount. (E.D. Cal. Local Rule 202).

The decision to appoint a guardian ad litem "must normally be left to the sound discretion of the trial court." *30.64 Acres of Land*, 795 F.2d at 804. However, "if the parent has an actual or potential conflict of interest with [their] child, the parent has no right to control or influence the child's

litigation." *Molesky for J.M. v. Carillo*, No. 1:22-cv-1567-ADA-CDB, 2022 WL 17584396, at *1 (E.D. Cal. Dec. 12, 2022) (quoting *Williams v. Super. Ct. of San Diego*, 147 Cal. App. 4th 36, 50 (2007)).

**Discussion**

The supporting declaration of G.C. accompanying the motion sets forth that I.G. is 14 years old and lives with both G.C. and Plaintiff's father, A.G., in Bakersfield, California. (Doc. 13-1 at 1, ¶ 1). In the declaration, the proposed guardian ad litem (G.C.) further attests that I.G. has no other appointed representative or guardian and no previous motion seeking the appointment of a guardian ad litem has been filed. *Id.*, ¶ 4.[1] A review of the docket confirms that no other motion for appointment of guardian ad litem for I.G. has been filed. G.C. attests to being the mother of I.G. *Id.*, ¶ 1. G.C. declares she has no interests adverse to the interests of her minor son and is unaware of any potential for a conflict of interest. *Id.*, ¶ 5. G.C. declares that she is familiar with the factual allegations and legal claims in this case and retained Disability Rights California as counsel to file this lawsuit against Defendant. *Id.*, ¶ 3. Plaintiff is suing Panama-Buena Vista Union School District (Doc. 1) and there does not appear to be any conflict of interest among the claims and claimants.

The motion meets the requirements of Local Rule 202(c). Plaintiff's counsel, Amanda Miller of Disability Rights California, attests that she does not have any conflicts of interest, does not stand in any relationship with Defendant, and did not become involved in the case at any insistence of the adverse party. (Doc. 13-2 at 2, ¶¶ 2-3).

Plaintiff's counsel declares that Disability Rights California will not charge Plaintiff and his parents any attorney's fees. *Id.*, ¶¶ 3, 8. She further declares that her firm may seek reasonable attorney's fees and costs under the representation agreement, as allowable under the Individuals With Disabilities Education Act ("IDEA"). *Id.* She attests that Disability Rights California may recover reasonable attorney's fees and costs from Defendant for litigating this matter and the underlying

---

[1] Local Rule 202 requires upon commencement of an action, the attorney representing the minor must present (1) appropriate evidence of the appointment of a representative for the minor or incompetent person under state law or (2) a motion for the appointment of a guardian ad litem by the Court or, (3) a showing satisfactory to the Court that no such appointment is necessary. E.D. Cal. Local Rule 202(a).

administrative hearing and do not expect to receive any additional compensation from Plaintiff, his parents, or any other source. *Id.*, ¶ 8.

The Court finds that the standards for the appointment of G.C. have been met and that she is competent and qualified to serve as guardian ad litem. *See*, *e.g.*, *I.W. by & through Aguirre v. Clovis Unified Sch. Dist.*, No. 1:24-CV-01074-JLT-BAM, 2024 WL 4216753, at *1 (E.D. Cal. Sept. 17, 2024) (appointing minor Plaintiff's mother as guardian ad litem). Thus, the Court shall authorize the appointment of G.C. as guardian ad litem for I.G.

**Conclusion and Order**

For the foregoing reasons, it is HEREBY ORDERED:

1. Plaintiff I.G.'s motion to appoint G.C. as guardian ad litem (Doc. 13) is GRANTED; and
2. G.C. is appointed to act as guardian ad litem for I.G. and is authorized to prosecute the action on I.G.'s behalf.

IT IS SO ORDERED.

Dated: **February 10, 2025**

UNITED STATES MAGISTRATE JUDGE